FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97 APR 21 AM 9: 26

U.S. DISTRICT COURT
N.D. OF ALABAMA

KAREN B. FULLER, )
    Plaintiff(s); )
     )
-vs.- ) No. CV-96-P-1862-S
     )
J.C. BRADFORD & CO.; ROBERT L. )
McLAUGHLIN, III; and GLENN E. )
BRANDON, JR., )
    Defendant(s). )

ENTERED

APR 22 1997

## OPINION

The plaintiff's Motion to Remand was considered at a prior Motion Docket. For the following reasons, this motion is due to be granted.

The plaintiff filed this case in the Circuit Court of Jefferson County, Alabama on May 15, 1996, naming J.C. Bradford & Co. ("JCB"), Robert L. McLaughlin, III, and Glenn E. Brandon, Jr. as defendants. In the complaint, the plaintiff alleged that McLaughlin, a Louisiana resident, and JCB committed various fraudulent and negligent acts in handling her accounts with JCB. The plaintiff also states a cause of action for negligent engagement, training, and supervision. The plaintiff contends that Brandon, an Alabama resident, benefitted from the acts and omissions of McLaughlin and is jointly liable for them. The defendants removed this case on July 22, 1996, on the basis of diversity, arguing that Brandon was the only nondiverse defendant and that he was fraudulently joined.

The doctrine called "fraudulent joinder" applies when the party opposing remand can show either that there is no possibility that the plaintiff can establish any cause of action against the resident defendant or that the plaintiff has fraudulently pled facts to defeat federal jurisdiction.

8

*Cabalceta v. Standard Fruit*, 883 F.2d 1553, 1561 (11th Cir. 1989). If a resident defendant is fraudulently joined, that defendant's citizenship will be disregarded for the purposes of determining diversity jurisdiction. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983). The defendant bears the burden of proving that the plaintiff has stated no cause of action against the resident defendant under applicable state law. *Cabalceta*, 883 F.2d at 1561-62.

Tennessee-based JCB converted from a limited partnership to a limited liability company (LLC) on December 31, 1995. Brandon is a member of JCB. Although members, like shareholders in a corporation, have limited liability, the Tennessee Code provides that the member may be liable for his or her own acts or conduct. Tenn. Code Ann. § 48-217-101. The plaintiff testified in her deposition that she was not basing her claims against Brandon on any personal dealings with him. However, that does not preclude the possibility that Brandon might be liable for a supervisory role in the acts of McLaughlin. The plaintiff alleged in her complaint that Brandon was liable for the negligent engagement, training, and supervision of McLaughlin. At this stage of the proceedings, the defendants cannot demonstrate that there is no possibility that the plaintiff can establish any cause of action against Brandon. Because the plaintiff has stated at least a potential cause of action against a resident defendant, her Motion to Remand is due to be granted.

Dated: April 2/, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Andrew P. Campbell
    Mr. Jonathan H. Waller
    Mr. Charles A. McCollum, III
    Mr. Alfred F. Smith